IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD HOEFT,

                                                                        OPINION AND ORDER

                Plaintiff,

                                                                        09-cv-116-bbc

     v.

CAPTAIN MICHAEL KASTEN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Richard Hoeft is proceeding in forma pauperis on his claim that defendant Michael Kasten was deliberately indifferent to plaintiff's risk of serious harm in violation of plaintiff's Eighth Amendment rights when he refused to transfer plaintiff out of the B side of the segregation unit.  Jurisdiction is present.  28 U.S.C. § 1331.

      Defendant has filed a motion for summary judgment.  Dkt. #10.  I conclude that no reasonable jury could find that defendant violated plaintiff's Eighth Amendment rights. Thus, defendant's summary judgment motion will be granted.

      As an initial matter, I note that defendant objects to several of plaintiff's proposed findings of fact and his responses to defendant's proposed findings of fact on the grounds that those facts or responses are supported by hearsay, which is inadmissible under Fed. R.

1

Evid. 801 and 802. Those objections are proper as far as plaintiff's proposed findings or responses concerning what third-parties, such as institutional nurses or Sergeant Kloth, said to plaintiff or others. However, the objections fail with respect to defendant's own statements, which are admissions by a party-opponent and thus, not hearsay. Fed. R. Evid. 801(d)(2). Plaintiff's proposed facts or disputes supported only by hearsay will not be considered.

From the parties' proposed findings of fact, I find the following facts material and undisputed.

## UNDISPUTED FACTS

Defendant Michael Kasten is employed by the Wisconsin Department of Corrections as a captain at the Stanley Correctional Institution in Stanley, Wisconsin. Plaintiff Richard Hoeft was incarcerated at the Stanley Correctional Institution beginning on September 30, 2008. He was confined in segregation from September 30, 2008 until December 12, 2008.

The segregation unit at the Stanley Correctional Institution has two units: A side and B side. A side is used to confine inmates in temporary lock up or who have pending conduct reports. Usually, inmates are transferred to B side if they receive more than 90 days of segregation. Maximum capacity in segregation is 60 inmates on each side. On average, there are 35 to 45 inmates in each unit. The segregation handbook states that talking in

segregation between 6 a.m. and 10 p.m. must be in a normal tone of voice and that talking between cells is not allowed between 10 p.m. and 6 a.m. Yelling, kicking and pounding on doors are prohibited. If groups of three or more inmates are yelling or pounding, they may receive a group resistance conduct report.

Plaintiff was confined on A side from September 30, 2008 until November 10, 2008. While there, he did not complain about noise, headaches or ringing ears. He was moved to B side on November 10, 2008 because he had received 120 days' disciplinary separation and his conduct report was no longer pending. He remained on B side until December 12, 2008. According to the Health and Psychological Rounds in Segregation/Security Log form filled out on November 11, 2008, a day after plaintiff was moved into B side, plaintiff did not complain about noise, headaches or ear ringing during the medical rounds. (The parties dispute whether the B side was generally quiet.)

On November 12, 2008, plaintiff told Sergeant Kloth that the noise level on B side was giving him headaches. (The parties dispute whether plaintiff ever complained to defendant about the noise in side B or about headaches and ear ringing.) On November 17, 2008, plaintiff filed an inmate grievance complaining about the "very loud" conditions in B side, saying that the nosie was "almost continuous from breakfast until 10 - 11 pm almost everyday." The complaint was dismissed and the dismissal was upheld. (The parties dispute whether plaintiff complained about noise, headaches or ear ringing to a nurse during medical

rounds on November 18, 2008.)   According to the Health and Psychological Rounds in Segregation / Security Log forms filled out on November 26, December 2, December 8 and December 10, 2008, plaintiff did not complain about noise, headaches or ear ringing during the medical rounds.  On November 29, 2008, plaintiff was examined in the Heath Services Unit for a bad rash on his hands and dry skin.  He made no complaint about noise during the exam.  (The parties dispute whether defendant yelled at the inmates in B Unit on one occasion, "I don't give a fuck how loud you guys get. I'm going home in a few minutes.")

OPINION

Under Fed. R. Civ. P. 56, summary judgment is appropriate "when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Goldstein v. Fidelity & Guaranty Ins. Underwriters, Inc., 86 F.3d 749, 750 (7th Cir. 1996) (citing Fed. R. Civ. P. 56); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). When deciding a motion for summary judgment, the judge's function is not to weigh the evidence for herself and determine the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. "[I]t is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Id. at 248.  All reasonable inferences from undisputed facts should be drawn in favor of the nonmoving party. Baron v. City of Highland Park, 195 F.3d 333, 338 (7th Cir. 1999).

4

However, the nonmoving party cannot simply rest upon the pleadings once the moving party has made a properly supported motion for summary judgment; instead the nonmoving party must submit evidence to "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

To overcome defendant's motion for summary judgment, it is plaintiff's burden to provide specific facts showing that a jury could find in his favor on his Eighth Amendment conditions of confinement claim. The Eighth Amendment's prohibition on "cruel and unusual punishment" establishes the minimum standard for the treatment of prisoners by prison officials. To demonstrate that prison conditions violated the Eighth Amendment, a prisoner must provide facts that satisfy a test involving both an objective and subjective component. Lunsford v. Bennett, 17 F.3d 1574, 1579 (7th Cir. 1994). The objective analysis focuses on whether prison conditions "exceeded contemporary bounds of decency of a mature, civilized society." Id. The subjective component requires evidence that prison officials acted wantonly and with deliberate indifference to a risk of serious harm to the prisoner. Id.

A condition of confinement does not violate the Eighth Amendment unless the condition deprives the prisoner of "'basic human needs' or 'the minimal civilized measure of life's necessities.'" Antonelli v. Sheahan, 81 F.3d 1422, 1427 (7th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). In other words, the deprivation must be

5

extreme. Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). Therefore, to defeat defendant's motion, plaintiff must provide specific facts from which a jury could find that the risk of injury due to the noise level was "so grave that it violated contemporary standards of decency to expose anyone unwillingly to such a risk." Helling v. McKinney, 509 U.S. 25, 36 (1993) (emphasis removed). Plaintiff has failed to do this.

Plaintiff has proposed that during his first week on B Side he complained once to defendant Kasten, Kloth and a nurse that the noise level on B side was loud and he was experiencing headaches and ringing in his ears. According to plaintiff, he wrote one note to defendant informing him that the noise level on B side was "excessively loud" and "almost constant" and that he was experiencing headaches and ringing in his ears. Plt.'s PFOF, dkt. #23, ¶7. Such generalizations are not specific facts from which a jury could find that the noise levels posed a serious risk of injury to plaintiff. Plaintiff provides no detail about the noise, such as the type, source, etc., or its specific duration. His allegation that it was "almost constant" could connote a number of periods, such as 50 minutes of every hour of the day or every minute of every other hour of the day. Specific evidence of this type would be necessary for a jury to be able to determine that plaintiff experienced an *extreme* deprivation. E.g., Drake v. Minnesota Mining & Manufacturing Co., 134 F.3d 878, 887 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter[;] rather it requires affidavits that cite specific concrete

6

facts establishing the existence of the truth of the matter asserted.").

Additionally, plaintiff proposed no facts to the effect that his hearing was damaged or that the noise deprived him of sleep or another of life's necessities. In fact, he has alleged no specific facts from which a jury could find that the noise level even caused him distress or agony. E.g., Williams v. Boles, 841 F.2d 181, 183 (7th Cir. 1988) ("Many things—beating with a rubber truncheon . . . incessant noise, reruns of 'Space 1999'—may cause agony as they occur yet leave no enduring injury. The state is not free to inflict such pains without cause just so long as it is careful to leave no marks."). Plaintiff proposed as fact that he complained to a nurse about his headache and ear ringing early in his stay on B side. It is undisputed that despite four additional visits by the nurse and a medical exam, he never complained again about headaches or ringing in his ears or asked for pain medication for such problems. These facts support the conclusion that the noise level was merely annoying, not agonizing. An annoyance does not pose a serious risk of injury. Lunsford, 17 F.3d at 1580.

Finally, plaintiff cite's the Court of Appeals for the Seventh Circuit's decision in Antonelli, 81 F.3d 1422, in support of his claim. That decision does not change the outcome here. The issue in Antonelli, 81 F.3d at 1433, was whether the plaintiff provided sufficient *allegations* in his complaint to state an Eighth Amendment conditions of confinement claim. By contrast, plaintiff is facing a motion for summary judgment. To

defendant against that motion, he is required to "come forward with specific facts that would support a jury's verdict in [his] favor." Van Diest Supply Co. v. Shelby County State Bank, 425 F.3d 437, 439 (7th Cir. 2005). "[A] motion for summary judgment requires the responding party to come forward with the *evidence* that it has—it is the put up or shut up moment in a lawsuit." Eberts v. Godertad, 569 F.3d 757, 766 (7th Cir. 2009) (internal quotation omitted) (emphasis added). Although plaintiff provided sufficient *allegations* in his complaint to state an Eighth Amendment conditions of confinement claim, he has failed to produce sufficient *evidence* to defeat defendant's summary judgment motion on that claim. Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990) ("The object of [summary judgment] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."). Further, the circumstances in Antonelli are not similar to those in this case. In Antonelli, 81 F.3d at 1433, the excessive noise allegedly "occurred every night, often all night, interrupting or preventing [the plaintiff's] sleep." Plaintiff complained that the loud noise occurred between breakfast and 10 or 11 p.m.. By implication, this left quiet time for sleep.

Viewing the facts, even the disputed ones, in a light most favorable to plaintiff, I can only conclude that he has failed to provide evidence from which a reasonable jury could find that the noise level on B side "exceeded contemporary bounds of decency of a mature, civilized society." Lunsford, 17 F.3d at 1579. The noise level may have been annoying and

8

even caused plaintiff discomfort in the form of headaches. Unfortunately, "[o]ccasional discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" Id. at 1581 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Although plaintiff's time in segregation on B side may not have been the most comfortable time he spent incarcerated, prison officials are not required to provide comfortable accommodations, although they cannot provide inhumane ones. Id. at 1581. Therefore, defendant's motion for summary judgment will be granted.

## ORDER

IT IS ORDERED that defendant Captain Michael Kasten's motion for summary judgment, dkt. #10, is GRANTED. The clerk is directed to enter judgment in favor of defendant.

Entered this 5th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge